FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:13cr25-001, 3:13cr68-001 & 3:13cr85-001/MCR - GARY WAYNE THOMAS

Page 1 of 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

-vs-

Case # 3:13cr25-001/MCR
3:13cr68-001/MCR
3:13cr85-001/MCR

GARY WAYNE THOMAS

USM # 12983-003

Defendant's Attorney:
Randall Lockhart (AFPD)
3 West Garden Street, Suite 200
Pensacola, Florida 32502

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts 1-27 of the Superseding Indictment in case #3:13cr25-001/MCR; Count 1 of the Indictment in case #3:13cr68-001/MCR and Counts 1 and 2 of the Indictment in case #3:13cr85-001/MCR on October 30, 2013. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involves the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| **Case #3:13cr25-001/MCR** | | | |
| 18 U.S.C. § 371 | Conspiracy to Structure Financial Transactions | April 1, 2012 | Count 1 |
| 31 U.S.C. §§ 5324(a)(3), (d), 31 C.F.R. § 103.11, and 18 U.S.C. § 2 | Structuring | May 5, 2011 | Counts 2-24 |
| 18 U.S.C. §§ 1344 and 1349 | Conspiracy to Commit Bank Fraud | April 30, 2013 | Count 25 |
| 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h) | Conspiracy to Commit Money Laundering | April 30, 2013 | Count 26 |
| 18 U.S.C. §§ 1956(a)(1)(B)(i) and (2), | Money Laundering | April 25, 2013 | Count 27 |

Received 2-25-2014

**Case #3:13cr68-001/MCR**

| | | | |
|---|---|---|---|
| 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(i), and (b)(1)(A)(ii) | Failure to Appear for Jury Trial | July 22, 2013 | Count 1 |

**Case #3:13cr85-001/MCR**

| | | | |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(2) and 924(a)(2) | Possession of a Firearm and Ammunition in and Affecting Interstate Commerce by a Fugitive from Justice | July 22, 2013 | Count 1 |
| 18 U.S.C. §§ 922(n) and 924(a)(1)(D) | Transportation of a Firearm and Ammunition Shipped and Transported in Interstate Commerce by a Person Under Indictment | July 22, 2013 | Count 2 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
January 23, 2014

M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE

Date Signed: February 24th, 2014

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:13cr25-001, 3:13cr68-001 & 3:13cr85-001/MCR - GARY WAYNE THOMAS

Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **72 months. This term is comprised of 60 months as to Counts 1 through 27 in DKT #3:13cr25, to run concurrent; a term of 12 months as to Count 1 in DKT #3:13cr68, to run concurrent with DKT #3:13cr25; and a term of 12 months as to Counts 1 and 2 in DKT #3:13cr85, to run concurrent as to each count, but to run consecutive to DKT #3:13cr25.**

The Court recommends the defendant be designated to the Federal Prison Camp Pensacola in Pensacola, Florida, so he may receive visitation from his wife and family.

The court recommends that the BOP quickly conduct an evaluation of the defendant's medical condition, particularly relating to his cardiac heart medication and problems his medication is causing him, and take whatever measures to correct the problems.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By:_____  
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to all counts in all cases**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall provide the probation officer with access to any requested financial information and report the source and amount of personal or business income and financial assets to the supervising probation officer as directed.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant has satisfied his restitution obligation.

3. The defendant shall not transfer or dispose of any asset, or his interest in any asset, without the prior approval of the probation officer unless he has satisfied his restitution obligation.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____	_____
Defendant	Date

_____	_____
U.S. Probation Officer/Designated Witness	Date

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $3,000.00 | Waived | Deferred |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$3,000.00** is imposed.

## FINE

No fine imposed.

## RESTITUTION

The determination of restitution is deferred until the hearing on March 24, 2014. An Amended Judgment in a Criminal Case will be entered after such a determination. The U.S. Attorneys Office is directed to provide the necessary information to the Court.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
    Fine: Waived   SMA: $3,000.00   Restitution: Deferred   Cost of Prosecution: None

**The $3,000.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**Preliminary Order of Forfeiture (doc. #157)**
**Forfeiture Money Judgment (doc. #160)**